UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK BASKIN,

                  Plaintiff,                       Case No. 05-70475

vs.                                   HONORABLE DENISE PAGE HOOD

WAYNE COUNTY, WAYNE COUNTY
SHERIFF'S DEPARTMENT, TIMOTHY
BARTH, MD, MEDICAL DIRECTOR
SANDRA PEPPERS, HEALTH SERVICES
DIRECTOR, jointly and severally,

                  Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

      This matter is before the Court on Defendants' Motion for Summary Judgment pursuant to

Fed. R. Civ. P. 12(b)(6) and Rule 56 filed September 26, 2005.  Plaintiff filed his Response to the

Motion for Summary Judgment on October 7, 2005.  Defendants filed a Reply Brief to Plaintiff's

Response to Motion for Summary Judgment on October 18, 2005.  Defendants filed a Supplemental

Statement of Facts with Citations to Deposition on November 10, 2005.

      Plaintiff Roderick Baskin [hereinafter "Plaintiff"] alleges in his Complaint filed on February

7, 2005, two counts against Defendants Wayne County, Wayne County Sheriff's Department,

Timothy Barth, and Sandra Peppers, in their official capacities.  They are: (1) deprivation of civil

rights pursuant to 42 U.S.C. § 1983 under the Fourth, Fifth, Eighth, and Fourteenth Amendments

to the United States Constitution; and (2) gross negligence.

In their Motion, the Defendants ask this Court to grant the Motion for Summary Judgment pursuant to F.R.C.P. 12(b)(6) and Rule 56 for the following reasons: (1) Plaintiff has failed to state a claim upon which relief can be granted; (2) there are no genuine issues as to any material fact that the medical care rendered to Plaintiff could in any way constitute deliberate indifference; (3) Dr. Barth and Sandra Peppers have qualified immunity because they did not violate any well established rights of Plaintiff; (4) under *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), Plaintiff has failed to show the existence of any unconstitutional custom, practice, or policy on the part of Wayne County; (5) Plaintiff cannot show gross negligence on the part of Dr. Barth or Sandra Peppers; and (6) the Fourth, Fifth, and Eighth Amendments to the United States Constitution do not provide a constitutional basis for recovery for deliberate indifference claims brought under 42 U.S.C. § 1983.

For the reasons stated herein, this Court GRANTS Defendants' Motion for Summary Judgment pursuant to F.R.C.P. 12(b)(6) and Rule 56.

## II.  STATEMENT OF FACTS

On June 23, 2004, Plaintiff Roderick Baskin, a pretrial detainee, sustained an orbital fracture to his right eye during a basketball game at the Wayne County Jail.  (Defs.' Mot. for Summ. J. Pursuant to F.R.C.P. 12(b)(6) and Rule 56 at 1; Pl.'s Answer to Mot. for Summ. J. At 1).  Plaintiff was punched by inmate Russell Allen.  (Defs.' Mot. for Summ. J. Pursuant to F.R.C.P. 12(b)(6) and Rule 56 at 1).  Plaintiff alleges that surgery should have been provided to correct the injury he sustained.  Plaintiff brought an action against Defendants Wayne County, Wayne County Sheriff's Department, Medical Director Timothy Barth, M.D., and Health Services Director Sandra Peppers for deliberate indifference to a serious medical need for failing to provide surgery, failing to provide

pain medication, and for improperly treating his injury. (Defs.' Mot. for Summ. J. Pursuant to F.R.C.P. 12(b)(6) and Rule 56 at 1). Plaintiff also brought an action against Defendants Wayne County and Wayne County Sheriff's Department asserting deliberate indifference to his safety by placing him with the convicted inmate who assaulted him. (Defs.' Mot. for Summ. J. Pursuant to F.R.C.P. 12(b)(6) and Rule 56 at 1).

## III. STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But, as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV. APPLICABLE LAW & ANALYSIS

### A.    Supervisory / Municipal Liability

In order for a municipality or a supervisor to be liable under § 1983, there must be some personal involvement or evidence that "execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Generally, the doctrine of *respondeat superior* has no application in a § 1983 claim absent an allegation that the defendants were following the government's policies or customs. *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "Liability must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989).

### 1.    Defendants Peppers and Barth

Plaintiff alleges that Defendants Barth and Peppers are "responsible for enforcement of the regulations of the Wayne County Jail, including quality of medical care provided to the inmates." (Complaint, ¶¶ 9, 10) Defendant Peppers, as the Director of Health Services which renders medical care and treatment for the Wayne County Sheriff's Department, is the direct supervisor of Defendant Barth. There is nothing in the record to show that Defendant Peppers was aware that Plaintiff had

4

been injured, or that he was seeking additional medical care. Viewing Defendant Peppers'
involvement in the instant matter objectively, there appear to be no facts to support an allegation that
her acts or omissions resulted in the denial of the "minimal civilized measure of life's necessities."
Plaintiff's claim under 42 U.S.C. § 1983 as it pertains to Defendant Peppers is dismissed because
Plaintiff has not shown that Defendant Peppers was personally involved in the alleged injury
suffered by Plaintiff.

Defendant Barth is the Medical Director for the Health Services Division, and is responsible
for the provision of all health care in the Wayne County jails. Defendant Barth supervises
approximately 21 individuals including Dr. Weekes, who evaluated Plaintiff subsequent to his
injuries. Defendant Barth was not personally involved in the diagnosis or treatment of Plaintiff.
Plaintiff was taken to Detroit Receiving Hospital, examined, and treated on June 23, 2004, the day
that the injury was sustained. The next day, Dr. Weekes examined him in the clinic, and prescribed
medication. Plaintiff's claim against Defendant Barth must be dismissed because Plaintiff has not
shown that Defendant Barth was personally involved in the examination or treatment (or lack of
treatment) of Plaintiff.

### 2.    Defendants Wayne County and Wayne County Sheriff's Department

Plaintiff asserts that Defendant Wayne County has an unconstitutional practice of housing
pretrial detainees with convicted felons of different security classifications. (Pl.'s Answer to Mot.
for Summ. J. at 16). Plaintiff had a security classification of three while the inmate who assaulted
Plaintiff had a security classification of two making him a higher security risk than Plaintiff. (Pl.'s
Answer to Mot. for Summ. J. at 16). In addition, Plaintiff asserts that the Wayne County Jail
Operation Manual states that, "pre-trial inmates should be housed in separate housing units from

5

sentenced inmates," and that Defendant Wayne County violated their own policy which proximately caused Plaintiff's injuries.  (Pl.'s Answer to Mot. for Summ. J. at 16-17).

Defendant asserts that federal law provides no constitutional prohibition in placing convicts with pretrial detainees, and cites *Faulcon v. City of Philadelphia*, 18 F.Supp.2d 537, 540 (E.D. Pa. 1998), *aff'd*, 185 F.3d 861 (3rd Cir. 1999), *cert. denied*, 529 U.S. 1093 (2000) for this proposition. (Defs.' Mot. for Summ. J. Pursuant to F.R.C.P. 12(b)(6) and Rule 56 at 16)

Plaintiff's claim, as a pretrial detainee, is governed by the Fourteenth Amendment's guarantee of due process.  *See Thompson v. County of Medina,* 29 F.3d 238, 242 (6th Cir. 1994). Due process demands that a "detainee may not be punished prior to an adjudication of guilt."  *Id. (*citing *Bell v. Wolfish,* 441 U.S. 520, 535 (1979)).  To succeed under this claim, a plaintiff must show that jail officials had the express intent to punish.  *Id.*  Conditions of pretrial detention that allegedly deprives a plaintiff of liberty without due process of law do not amount to "punishment" if they are reasonably related to a legitimate government objective.  *Id.*  Neither the state nor its agents may act with deliberate indifference to a pre-trial detainee's health or safety.  *Farmer,* 511 U.S. at 834-37.  Courts have held that unless the state acts with the impermissible intent to punish a pretrial detainee or is deliberately indifferent to a pretrial detainee's safety, it does not violate the due process clause to house a pretrial detainee with a sentenced inmate.  *Burciaga v. County of Lenawee,* 123 F.Supp.2d 1076, 1078-79 (E.D. Mich. 2000); *Faulcon,* 18 F.Supp.2d at 540.

In *Faulcon*, a pretrial detainee in a city correctional facility was stabbed by another inmate and sued the city and corrections officers, alleging failure to protect, failure to supervise, and failure to train, as well as state claims.  *Faulcon*, 18 F.Supp.2d at 537.  The pretrial detainee was awaiting trial for homicide charges, while the inmate had been sentenced to death after a murder conviction.

6

*Id*. at 539.  The defendants moved for summary judgment, and the motion was granted by the court. *Id*. at 537.  The court stated that the plaintiff presented no evidence that the commingling of pretrial detainees with inmates was so obviously dangerous that to allow it to occur was deliberately indifferent.  *Id*. at 540.  The court pointed out that plaintiff did not present evidence of a high incidence or of any incidence of convicted and sentenced criminals becoming violent with pretrial detainees.  *Id*.  The court also noted that plaintiff failed to present evidence to demonstrate that the prison officials had sufficient knowledge or notice of the risks of not following a statutory provision providing that "[s]entenced prisoners should be housed separately from those who are only accused of having committed a crime" would equate to deliberate indifference.  *Id*. at 541.

The facts in the instant matter are analogous to *Faulcon*.  The Plaintiff has not demonstrated that allowing Defendants Wayne County and Wayne County Sheriff's Department to commingle with inmates was so obviously dangerous that to allow it to occur was deliberately indifferent. Plaintiff did not present evidence of a high incidence or of any incidence of convicted and sentenced criminals becoming violent with pretrial detainees.  Plaintiff also failed to present evidence to demonstrate that Defendants had sufficient knowledge or notice that the risk of not following its Operations Manual would equate to deliberate indifference.  Plaintiff also failed to show that it was the intent of Defendants to punish Plaintiff by placing him with a convicted inmate.  Plaintiff's claim under 42 U.S.C. § 1983 as it pertains to Defendants Wayne County and Wayne County Sheriff's Department is dismissed.

### B.  Gross Negligence/State Law Claim

A governmental agency is granted broad immunity under MCL § 691.1407(1).  See *Ross v. Consumers Power Co.,* 420 Mich. 567 (1984).  MCL §691.1407 provides statutory governmental

immunity to: (1) governmental agencies and officers and employees of governmental agencies (2) engaged in a governmental function (3) if the officers and employees' conduct do not amount to gross negligence (4) that is the proximate cause of the injury or damages. MCL §691.1407(1) and (2); §691.1401(f). See *Ross,* 420 Mich. 567; *Rogers v. City of Port Huron*, 833 F.Supp. 1212, 1223 (1993). "Gross negligence" means "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Rogers,* 833 F.Supp. at 1223. In order to prevail, a plaintiff cannot assert that defendant's conduct was "a" proximate cause of the plaintiff's injury, but rather, must establish that defendant's conduct was "the" proximate cause of the injury. *Id.* at 1224.

As noted above, Plaintiff is unable to show that Defendants Wayne County and the Wayne County Sheriff's Department's actions resulted in the lack of medical care to Plaintiff. Plaintiff's claim against these Defendants is that these Defendants improperly placed him in the jail with convicted inmates. Plaintiff cannot show that Defendants Wayne County and the Wayne County Sheriff's Department's actions amount to gross negligence. Plaintiff also cannot show that Defendants Barth and Peppers' conduct was so reckless because Plaintiff has not shown that Defendants Barth and Peppers had any knowledge of his condition or that they examined or treated him in any way.

Plaintiff's state law gross negligence claim must be dismissed against all Defendants.

## C.    Request to Add Defendants

In his response to Defendants' Motion for Summary Judgment, Plaintiff states that recently obtained deposition testimony in the case sets forth the basis of liability against other Wayne County health Services medical personnel involved in Plaintiff's medical treatment. Plaintiff requests to add certain Defendants to the Complaint.

8

Defendant opposes the request arguing that Plaintiff did not properly file a Motion to Amend the Complaint but merely made the request within his response.

The Court finds Plaintiff did not properly file a Motion to Amend the Complaint. To date, Plaintiff has not filed such a motion. Plaintiff's request to add Defendants in his response is denied without prejudice. Plaintiff may file such a motion within ten (10) days from the date of this Order.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(6) and Rule 56 **[Docket No. 18, filed September 16, 2005 and Docket No. 21, filed September 26, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request to add as defendants Gary Weekes, M.D., Nurse Dixon, Thomas Clafton, M.D., and George Wilson, M.D., is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike **[Docket No. 20, filed September 19, 2005]** is DENIED.

IT IS FURTHER ORDERED that the Motion to Set Aside Motion for Extension of Time to File Response/Reply **[Docket No. 29, filed October 20, 2005]** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion to Quash Defendants' Reply Brief **[Docket No. 32, filed October 24, 2005]** is DENIED.

9

IT IS FURTHER ORDERED that Plaintiff's Complaint **[Docket No. 1, filed February 7, 2005]** is DISMISSED.


s/ Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

s/ William F. Lewis
Case Manager

10